IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MONTALVO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2674 |
| | § | |
| CITY OF HOUSTON, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This employment case is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint ("Motion to Amend") [Doc. # 23], to which Defendant City of Houston filed a Response [Doc. # 26] in opposition. Plaintiff neither filed a Reply nor requested additional time to do so. Based on a careful review of the full record and the application of governing legal authorities, the Court **denies** Plaintiff's Motion.

In his Second Amended Complaint, Plaintiff asserted claims of discrimination and retaliation under 42 U.S.C. § 1983, Title VII, and the Age Discrimination in Employment Act ("ADEA"). Plaintiff now seeks to file a Third Amended Complaint which Plaintiff asserts does not change the facts or the claims in the case. It appears, however, that the proposed Third Amended Complaint adds a claim for punitive

damages, alleges facts relevant to a constructive discharge claim,[1] alleges generally a pattern and practice of discrimination by the City of Houston, and adds an allegation that Plaintiff was denied unidentified opportunities.

The Docket Control Order [Doc. # 11] established October 31, 2008 as the deadline for amendments to pleadings. Plaintiff's Motion was not filed until June 25, 2009, well beyond the deadline. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)); *see also Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the

---

[1] Although Plaintiff does not assert a separate, identifiable claim for constructive discharge under either federal or state law, he alleges in the Third Amended Complaint that as a result "of the discrimination and retaliation, [he] has been effectively forced out of his employment with the City of Houston." *See* Proposed Third Amended Complaint [Doc. # 24], ¶ 24.

importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Southwestern Bell*, 346 F.3d at 546.

Plaintiff has failed to argue or establish good cause for the untimely request to amend except to state that "new information had not occurred at the time of filing the original lawsuit." *See* Motion, p. 2. Plaintiff does not allege, however, that the information was not available at the time the First Amended Complaint was filed on August 28, 2008, or at the time the Second Amended Complaint was filed on September 17, 2008. Plaintiff provides no explanation for his failure to file a timely motion for leave to amend except to state that he has again changed lawyers.[2] Although Plaintiff may believe that the requested amendment is important, it appears that the proposed amendments for the most part would be futile and subject to dismissal. For example, the claim for punitive damages against the City of Houston is barred. *See City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247 (1981) (claim under 42 U.S.C. § 1983); *Oden v. Oktibbeha County*, 246 F.3d 458, 465-66 (5th Cir. 2001) (claim under Title VII); *Brunnemann v. Terra Intern., Inc.*, 975 F.2d 175, 178 (5th Cir. 1992) (age discrimination claim). Additionally, the City of Houston is

---

[2]  Plaintiff was first represented by Ken Hughes of Glickman & Hughes, L.L.P. On February 4, 2009, Darryl Carter with the law firm Glickman, Carter & Bachynsky, LLP was substituted as counsel for Plaintiff. On May 27, 2009, the Court granted Plaintiff's motion to substitute Melissa Moore as his attorney in this case.

immune from any state law claim for constructive discharge. *See, e.g., City of Hidalgo v. Prado*, 996 S.W.2d 364 (Tex. App. -- Corpus Christi 1999).

The City of Houston has shown that it would suffer prejudice if Plaintiff is allowed to file the Third Amended Complaint. They have already conducted discovery on the claims in the Second Amended Complaint and should not be required to redo that discovery as well as conduct new discovery on the new allegations in the Third Amended Complaint before the August 31, 2009 discovery deadline. Although the Court could extend all the deadlines in this case to alleviate prejudice to the City of Houston, the discovery deadline has already been extended twice and the Court exercises its discretion to preserve the integrity and purpose of the Docket Control Order where Plaintiff offers no valid explanation for his untimely request to amend.

Plaintiff's Motion to Amend was filed after the deadline for amendments to pleadings, and Plaintiff has not shown good cause for the delay. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. # 23] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **July, 2009**.

Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2008\2674MAmend.wpd  090722.1400